PEOPLE v DARRYL THOMAS

CRIMINAL LAW—GUILTY PLEA—COURT RULES—ADVICE TO DEFENDANT
    —MAXIMUM SENTENCE.
    A trial judge is required by court rule to inform a defendant of
    the maximum sentence for the offense to which a guilty plea is
    offered; it was insufficient compliance with the court rule where
    an assistant prosecutor informed the defendant of the maxi-
    mum sentence (GCR 1963, 785.7[1][b]).

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 October 9, 1974, at Detroit.
(Docket No. 18589.) Decided January 29, 1975.

Darryl M. Thomas was convicted, on his plea of
guilty, of unarmed robbery. Defendant appeals.
Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N.
Bishop,* Assistant Prosecuting Attorney, for the
people.

*Marshall S. Redman,* Assistant State Appellate
Defender, for defendant.

Before: DANHOF, P. J., and BRONSON and
O'HARA,* JJ.

PER CURIAM. On July 2, 1973 defendant entered

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 534, 540.
    * Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

a plea of guilty to a charge of unarmed robbery, MCLA 750.530; MSA 28.798. The plea was accepted, and the defendant was sentenced to a term of 3 to 15 years in prison and he appeals as of right.

On appeal, defendant claims that the trial judge did not inform him of the maximum sentence for the offense to which the plea was offered as required by GCR 1963, 785.7(1)(b). An examination of the plea transcript substantiates this allegation, although we note from the plea transcript that the assistant prosecutor did state the maximum sentence. This, however, is insufficient compliance with the court rule. See *People v Hubbard,* 57 Mich App 542; 226 NW2d 557 (1975); *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974).

Reversed and remanded for a new trial.