PEOPLE v COOK

APPEAL AND ERROR—PLEA OF GUILTY—RIGHT TO SILENCE—RIGHT TO
     TESTIFY—FAILURE TO ADVISE.
     A court must personally inform a defendant that by pleading
     guilty he waives the right to remain silent or to testify at his
     trial, as he may choose, and that at trial no inferences adverse
     to him may be properly drawn if defendant chooses not to
     testify, and this provision is mandatory and failure to comply
     with it constitutes reversible error (GCR 1963, 785.7).

Appeal from Macomb, Edward J. Gallagher, J.
Submitted Division 2 January 14, 1975, at Detroit.
(Docket No. 20288.) Decided February 25, 1975.

James Q. Cook was convicted, on his plea of
guilty, of assault with intent to rob while being
armed. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Stephen F. Osinski,* Assist-
ant Prosecuting Attorney, for the people.

*Felice V. Iafrate,* for defendant on appeal.

Before: R. B. BURNS, P. J., and BRONSON and
M. F. CAVANAGH, JJ.

PER CURIAM. Defendant was originally charged

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*
Admissibility of plea of guilty at preliminary hearing. 141 ALR
     1335.

with the offense of armed robbery, contrary to MCLA 750.529; MSA 28.797. On February 22, 1974, he pleaded guilty to the lesser included offense of assault with intent to rob while being armed, contrary to MCLA 750.89; MSA 28.284. On March 15, 1974, he was sentenced to a prison term of 7 years to life. Defendant was resentenced on March 20, 1974, to a 7 to 13 year prison term and now appeals as of right.

Defendant contends that the trial court which accepted his plea erred reversibly in failing to inform him of his right to testify at trial. GCR 1963, 785.7(1)(d)(iv) provides that the court must personally inform the defendant that by pleading guilty he waives "the right to remain silent or to testify at his trial, as he may choose, and that at trial no inferences adverse to him may be properly drawn if defendant chooses not to testify." Under GCR 1963, 785.7(5), this provision is mandatory and failure to comply with it constitutes reversible error.

In the present case the trial court informed the defendant that he had a right to remain silent without adverse inference. The defendant, however, was not informed of his alternative right to testify at his trial if he chose to do so.

It is arguably implicit in the trial court's address that the defendant may take the witness stand in his own behalf. However, recently in *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), the Michigan Supreme Court stated: "The requirements for a valid guilty plea after June 1, 1973, are set forth specifically in GCR 1963, 785.7. The bench and bar are hereby advised that strict adherence to those requirements is mandatory and that neither substantial compliance nor the absence of prejudicial error will be deemed suffi-

cient." See also *People v Hubbard,* 57 Mich App 542; 226 NW2d 557 (1975).

In not informing the defendant that he had a right to testify at a trial and that this right would be waived by a guilty plea, the trial court failed to strictly comply with the court rules. The purpose of these rules is to require that the record demonstrate that the defendant was fully aware of each of the enumerated rights he would be giving up by pleading guilty.

Reversed and remanded for new trial.